1
2
3
4
5              UNITED STATES DISTRICT COURT

6             NORTHERN DISTRICT OF CALIFORNIA

7                    SAN JOSE DIVISION

8   MICHAEL E. BOYD,                    )   Case No.: 11-CV-1644-LHK
                                        )
9                      Plaintiff,       )   ORDER GRANTING IN PART AND
                                        )   DENYING IN PART MOTION FOR
10          v.                          )   LEAVE TO AMEND
                                        )
11  ACCURAY, INC.; DOES 1-50,           )
                                        )
12                     Defendants.      )
                                        )
13  _____)

14          Now before the Court is Plaintiff Michael E. Boyd's Motion for Leave to File a First

15  Amended Complaint. ECF No. 16 ("Mot."); ECF No. 18 ("Reply"). Defendant Accuray, Inc. has

16  filed a limited opposition to the motion. ECF No. 17. Pursuant to Civil Local Rule 7-1(b), the

17  Court finds this matter suitable for determination without oral argument. Accordingly, the hearing

18  on the motion set for December 7, 2011, is hereby VACATED. The Case Management

19  Conference remains as set on December 7, 2011. The Courtroom Deputy has already reminded the

20  parties that their Joint Case Management Statement was due on November 30, 2011. Defendant

21  filed its case management statement on December 6, 2011. ECF No. 23. Plaintiff shall file his

22  case management statement no later than 9:00 a.m. on December 7, 2011.

23          After considering the parties' submissions and the relevant case law, the Court GRANTS

24  the motion IN PART and DENIES it IN PART.

25      **I.      Background**

26          Plaintiff filed his original complaint, *in pro per*, on April 5, 2011. ECF No. 1. The original

27  complaint asserts that Plaintiff's employer, Accuray, Inc. unlawfully retaliated against him for

28  engaging in protected activity under the following five statutes: (1) opposing national origin

1

employment discrimination under Title VII, 42 U.S.C. § 2000e-5; (2) exercising his rights under the Fair Labor Standards Act, 29 U.S.C. § 207; (3) whistleblowing under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A; (4) whistleblowing under the False Claims Act, 31 U.S.C. § 3730(h); and (5) exercising his rights under the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651 *et seq.*. Plaintiff acknowledges he did not request a jury trial in the complaint. Mot. 2. The civil cover sheet has the "NO" box checked in the "jury demand" section, denoting that a jury was not demanded in the complaint. *See* ECF No. 1-1. Plaintiff served the original complaint on April 15, 2011. ECF No. 5. Defendant filed and served its answer on May 6, 2011. ECF No. 4.

On August 2, 2011, Mr. Westreich substituted as counsel for Plaintiff. ECF No. 11.

On August 31, 2011, Defendant's counsel sent a draft joint case management statement to Plaintiff's counsel. *See* McMahon Decl. ¶ 7. On September 6, 2011 -- the day before the statement was due -- Plaintiff's counsel sent a redlined "proposed revision" to Defendant's draft case management statement, which changed Defendant's proposed language as follows: "Defendant estimates a ~~4-6~~ 6-8 day <u>jury</u> trial, <u>exclusive of time for jury selection and deliberation</u>."[1] Suppl. Westreich Decl. ¶ 6. Later that day, Plaintiff suggested two more changes: "~~Defendant~~ The Parties estimate~~s~~ a 6-8 day jury trial, exclusive of time for jury selection and deliberation." *Id.* ¶ 8. On September 7, 2011, the parties filed their joint case management statement, which stated that the "parties estimate a 6-8 day jury trial, exclusive of time for jury selection and deliberation." ECF No. 12, at 7.

On September 14, 2011, the Court held a case management conference. At the conference, Plaintiff informed the Court of his intention either to file a first amended complaint by stipulation or to file a motion for leave to amend by October 7, 2011. *See* Transcript, ECF No. 21, at 2-3. Also at the conference, Defendant asserted that "Mr. Boyd was represented by counsel during the period of time where he should have demanded a jury trial. He did not. . . . Things like that I can't stipulate to. . . ." *Id.* at 4.

---

[1] Additions are shown underlined; deletions in strike-through font.

Case No.: 11-CV-1644-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

On September 14, 2011, the Court issued a case management order memorializing the case schedule set at the case management conference and noting that the "JURY TRIAL DATE is August 6, 2012 . . . ." ECF No. 15.  On October 28, 2011, Defendant filed an objection to the reference of a "jury trial" in the Court's September 14, 2011 Case Management Order.  ECF No. 19.  On November 4, 2011, Plaintiff filed a response to Defendant's objections.  ECF No. 20.

Plaintiff filed the instant motion for leave to amend on October 7, 2011.  ECF No. 16.  The proposed first amended complaint contains the same five claims as the original complaint, albeit in a different order.  ECF No. 16-2.  Plaintiff's attorney states that leave to amend is sought "solely for the purpose of conforming the pleading to normal pleading practice, without adding any parties or claims."  Mot. 2.  On October 21, 2011, Defendant filed its limited opposition, opposing only Plaintiff's demand for a jury trial. ECF No. 17.  On October 27, 2011, Plaintiff filed his reply. ECF No. 18.

Accordingly, the Court GRANTS Plaintiff' motion for leave to file an amended complaint to the extent that it is unopposed.  The Court considers Plaintiff's request for a jury trial below.

## II.     Legal Standard

Federal Rule of Civil Procedure 38 states that a party may demand a jury trial on "any issue triable of right" by serving the other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b).  A party waives a jury trial, however, "unless its demand is properly served and filed."  Fed. R. Civ. P. 38(d); *see also*, *Solis v. Los Angeles*, 514 F.3d 946, 953-54 (9th Cir. 2008); *Pradier v. Elespuru*, 641 F.2d 808, 810 (9th Cir. 1981).

If no demand for a jury trial is made, a court may, pursuant to a Rule 39(b) motion, order a jury trial on any issue for which a jury might have been demanded. Fed. R. Civ. P. 39(b).  The Ninth Circuit has held that a district court's discretion under Rule 39(b) is narrow and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002).  "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."  *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001)

1   (good faith mistake in law insufficient for relief under Rule 39). *See also Chandler Supply Co. v.*

2   *GAF Corp.*, 650 F.2d 983, 987-88 (9th Cir. 1980).

3        **III.**     **Analysis**

4        Defendant argues that Plaintiff did not timely request a jury trial, and has therefore waived

5   his right to a trial by jury. Plaintiff argues that Defendant stipulated to a jury trial by failing to

6   object to the mention of a jury trial in the joint case management statement, and that Plaintiff is

7   therefore entitled to include a jury demand in the FAC.

8        Federal Rule of Civil Procedure 38(b) states that a jury demand must be made "no later than

9   14 days after the last pleading directed to the issue is served." In this case, the last pleading

10   directed to the issues was served on May 6, 2011. Thus, under Federal Rule of Civil Procedure

11   38(b), Plaintiff's jury demand was due no later than May, 20, 2011. At the earliest, Plaintiff did

12   not make his demand for a jury trial until the joint case management statement on September 7,

13   2011. Thus, Plaintiff has waived his right to a trial by jury. Fed. R. Civ. P. 38(d). The fact that

14   Plaintiff seeks to file an amended complaint that raises the same legal claims arising under the

15   "same matrix of facts" does not "revive his right to request a jury trial." *Lutz v. Glendale High*

16   *School*, 403 F.3d 1061, 1066-67 (9th Cir. 2005); *see also Trixler Brokerage Co. v. Ralston Purina*

17   *Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974). As Plaintiff acknowledges, the motion for leave to

18   amend "only seeks to modify the pleading from the original pro se complaint to one more in accord

19   with standard pleading, without adding any parties or claims." Mot. 1.

20        The Court is not persuaded by Plaintiff's argument that checking the "jury demand" box on

21   the civil cover sheet could be sufficient for a pro se plaintiff to comply with Federal Rule of Civil

22   Procedure 38. Reply 4. First, the Court disagrees with Plaintiff's assertion that the "jury demand

23   box" was checked on the civil cover sheet. Reply 4. Indeed, the "No" box is clearly marked with

24   an "X." Second, even if the "jury demand box" had been checked, as a general matter, checking

25   the "jury demand box is insufficient to meet the requirements of rule 38(b)." *Wall v. Nat'l R.R.*

26   *Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983); *see also* Civ. L.R. 3-6(b) (marking civil cover

27   sheet insufficient to demand jury). Third, the Court notes that even though Plaintiff was

28   unrepresented when he filed his original complaint, he appears to have had counsel on May 16,

**United States District Court**
For the Northern District of California

4

2011, four days before his jury demand was due under Federal Rule of Civil Procedure 38(b). Debski Decl ¶ 2l; Westreich Decl. ¶ 2.  Even if Plaintiff was unrepresented at the time his demand was due, however, the Court would nevertheless have found Plaintiff to have waived his right to a jury trial.  *See Zivcovic*, 302 F.3d at 1087 (*pro se* Plaintiff's unawareness of Rule 38's requirements insufficient to warrant relief under Rule 39); *see also Kulas v. Flores*, 255 F.3d 780 (9th Cir. 2001) (same).  Thus, the Court finds that Plaintiff has waived his right to a jury trial pursuant to Federal Rule of Civil Procedure 38.

The Court finds no reason to grant relief from this waiver and order a jury trial pursuant to Federal Rule of Civil Procedure 39(b).  As an initial matter, the Court notes that Plaintiff is explicitly not relying on Federal Rule of Civil Procedure 39.  Mot. 4; Reply 3.  Even if the Court were to construe Plaintiff's motion as a motion for a jury trial pursuant to Rule 39, the Court is bound by the Ninth Circuit's precedent constraining its discretion to "grant relief when the failure to make a timely demand results from an oversight or inadvertence."  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002).  Plaintiff has not cited any reasons, and the Court finds none besides inadvertance, for his failure to comply with Federal Rule of Civil Procedure 38.  Accordingly, the Court must deny the request for a jury a trial.

The case Plaintiff cites in his motion, *Mathison v. Hillhaven Corp.*, 895 F.2d 1417, 1990 WL 11865, at *2 (9th Cir. 1990), is unpublished and inapposite.  In *Mathison*, *defendant* originally demanded a jury trial but the parties later stipulated to *a non-jury trial*.  *Id.* at *2.  Two days after the trial commenced, the district court ordered a mistrial and transferred the case to another judge. *Id.*  On retrial, the district court granted Plaintiff's motion for a jury trial under Federal Rule of Civil Procedure 39(b).  *Id.*  Defendant appealed the trial court's decision to grant Plaintiff a jury trial, and the Ninth Circuit held that the district court did not abuse its discretion in releasing Plaintiff from the stipulation because enforcing the stipulation "might have resulted in 'manifest injustice,'" *id.* at *6, and Defendant was not prejudiced given that Defendant had originally demanded the jury trial.  *Id.* at *7.  The Court finds that here, by contrast, Defendant did not stipulate to a jury trial "either orally or in writing," *cf. Solis*, 514 F.3d at 955, merely by failing to object to Plaintiff's last minute inclusion of two references to a jury trial in the September 7, 2011

Case No.: 11-CV-1644-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND

joint case management conference statement.  *See* Suppl. Westreich Decl. ¶¶ 6, 8.  Thus, even if *Mathison* were binding, it would not apply here.

The Court cannot order a jury trial pursuant to Federal Rule of Civil Procedure 39(b).

**IV.     Conclusion**

Accordingly, Plaintiff's motion is GRANTED to the extent it is unopposed.  Plaintiff's request for a jury trial is DENIED.  Plaintiff shall file his amended complaint within 21 days of this Order, omitting any reference to a jury demand.  The Court will strike the reference to a "Jury Trial" in its September 14, 2011 case management order.

**IT IS SO ORDERED.**

Dated: December 6, 2011                          *Lucy H. Koh*
                                                 LUCY H. KOH
                                                 United States District Judge

Case No.: 11-CV-1644-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND