UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL E. BOYD,<br><br>               Plaintiff,<br>     v.<br>ACCURAY, INC.,<br><br>               Defendant. | Case No.: 11-CV-01644-LHK<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES |

On July 5, 2012, the Court granted Defendant Accuray's ("Accuray") motion for summary judgment against Plaintiff Michael E. Boyd ("Plaintiff"), finding that Plaintiff's claims arising from termination of his employment were insufficient as a matter of law. ECF No. 119 ("MSJ Order"). Now before the Court is Accuray's motion for attorneys' fees. ECF No. 123 ("Mot."). Specifically, Accuray moves for attorneys' fees on four distinct bases: (1) the False Claims Act; (2) Title VII of the Equal Employment Opportunity Act; (3) 28 U.S.C. § 1927; and (4) the Court's inherent power. Having considered the parties' submissions and the relevant law, the Court - DENIES Accuray's motion for attorneys' fees.

**I.    BACKGROUND**

    **A. Procedural Background**

Plaintiff initiated his lawsuit against Accuray on April 5, 2011. ECF No. 1. On December 8, 2012, Plaintiff filed the governing first amended complaint ("FAC"), which he further amended

1
Case No.: 11-CV-01644-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

by filing an errata, with leave of the Court, on February 24, 2012. ECF Nos. 27, 37. The FAC asserts retaliation claims against Accuray under the following five federal statutes: (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (2) the False Claims Act ("FCA"), 31 U.S.C. § 3730(h); (3) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5; (4) the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. §§ 651 *et seq.*; and (5) the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A.

On December 27, 2011, Accuray filed its answer to the FAC. ECF No. 30. On April 12, 2012, Accuray filed its motion for summary judgment. ECF No. 51. The original motion contained errors, and Accuray filed an errata the next day to correct these errors. ECF No. 53. On May 22, 2012, Accuray filed its reply. ECF No. 101. On May 29, 2012, Plaintiff filed an errata to the opposition brief. ECF No. 115.

At the May 31, 2012 hearing on Accuray's motion for summary judgment, Plaintiff's counsel conceded that Accuray was entitled to summary judgment as to the FLSA and OSHA claims. On June 4, 2012, the Court granted summary judgment in favor of Accuray on the three remaining claims. ECF No. 119.

Accuray filed its Motion for Attorneys' Fees on July 5, 2012. ECF No. 123.[1] On July 19, 2012, the parties stipulated to extend the time for Plaintiff and his counsel to respond to Accuray's Motion from July 19, 2012 to August 16, 2012, and the Court granted the stipulation the next day. ECF Nos. 126-27. Plaintiff filed his opposition to Accuray's Motion on August 16, 2012, ECF No. 130, and Accuray filed its reply on September 6, 2012. ECF No. 133.

**B. Factual Background**

---

[1] The parties did not meaningfully meet and confer prior to Accuray's filing of the motion as required by Civil Local Rule 54-5. Accuray's counsel was apparently unaware of the requirement until July 3, 2012—two days before the deadline for filing the motion—and contacted Plaintiff's counsel that day. Defendant's Reply Brief in Support of Motion for Attorney's Fees at 14. After several e-mail exchanges, Accuray assumed the meet and confer process was completed, and filed its motion. *Id.* Plaintiff objects that this email exchange was insufficient to satisfy the meet and confer requirement. *See* Errata Memorandum of Points and Authorities In Response to Defendant's Motions For Attorey Fees and For Sanctions at 1. Because the motion for attorneys' fees is denied for other reasons, the Court need not decide whether Accuray's conduct sufficiently complied with Local Rule 54-5.

2

Case No.: 11-CV-01644-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

1      The facts of this case are set out in detail in this Court's MSJ Order.  They are summarized
2 as relevant here.  Accuray, Inc. is a biomedical technology company that specializes in the
3 production of computerized medical equipment, including its "Cyberknife" product used to treat
4 cancer.  Hall Decl. ¶ 2;[2] Boyd Decl. ¶ 1.  Plaintiff, who was hired by Accuray on May 11, 2004, as
5 an "at will" employee, held the position of Senior Manufacturing Engineer.  Dadone Decl. Ex. B;
6 Ex. 91.3; Boyd Decl. ¶ 2.

7      Beginning in May 2005, Plaintiff was given yearly performance evaluations, which
8 consistently indicated that Plaintiff's performance "need[ed] improvement" or fell "below
9 expectations" in several areas. Scott Decl. ¶ 4, Exs. A-E.  Plaintiff received multiple warnings, and
10 was eventually placed on a performance improvement plan.  Scott Decl. ¶ 4(c); McMahon Decl. ¶
11 2, Ex. A. (Boyd Dep. 54:13-15, Ex. 4).  Throughout 2007 and 2008, Plaintiff had a series of
12 meetings with his supervisor addressing the shortcomings in his performance and plans for
13 improvement, but Plaintiff's performance remained problematic.  Scott Decl. ¶ 15-16, Exs. N, P.
14 Plaintiff was terminated on October 30, 2008.  Scott Decl. ¶ 18; Boyd Decl. ¶ 11.

15      Three distinct incidents prior to Plaintiff's termination gave rise to the claims at issue in this
16 suit.  First was the "Cyberknife upgrade incident," which gave rise to the FCA claim.  An internal
17 dispute arose in the manufacturing department over how to document part numbers on a certain
18 Cyberknife system that had been returned from a customer in Japan to Accuray to be upgraded.
19 *See* Zografos Decl. ¶¶ 9-14.  Plaintiff resisted the labeling procedure agreed upon by the group in
20 charge of the upgrade. Zografos Decl. ¶¶ 7-16; *see also* Vagadori Decl. Ex. C.  His reasons were:
21 (1) that the system the group had chosen was inaccurate and could give customs officials a false
22 impression that Accuray was merely processing and returning the same Cyberknife equipment
23 initially shipped into the United States rather than upgrading it, and (2) that the misleading labeling
24 could present a safety issue. Ex. 112.2; Boyd Decl. ¶¶ 26-27; Exs. 13-15; *see also* Vagadori Decl.
25 Ex. D; McMahon Decl. Ex. A (Boyd Dep. 26:19-20; 72:20).  Ultimately, Plaintiff did as he was
26 ordered,  Exs. 70.1, 110; *see also* Vagadori Decl. Ex. D, but felt that he was retaliated against for

---

[2] Declarations and Exhibits are those filed in support of Accuray's motion for summary judgment and Plaintiff's opposition to that motion, unless otherwise noted.

3

Case No.: 11-CV-01644-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

his conduct in seeking to prevent what he saw as incorrect labeling. *See* Vagadori Decl. Ex. C; McMahon Decl. Ex. A (Boyd Dep. 27:21-23, 70-75); Ex. 15, 112; Boyd Decl. ¶ 32; *see also* McMahon Decl. Ex. A (Boyd Dep. 71:5:7.

The second incident, which gave rise to the Title VII claim, was the "stockroom outsourcing incident." On September 25, 2007, Plaintiff filed a complaint with Accuray's human resources department regarding "possible discrimination if termination of employment of protected individuals occurs." Vagadori Decl. ¶¶ 1, 12 & Ex. G. Plaintiff's complaint was based on rumors he had heard that Accuray was "going to let all the Mexicans go" and that Accuray was "outsourcing the stock room." *Id.* Ex. G. Plaintiff expressed concern that Accuray's project to outsource stockroom employees could be a violation of Title VII and could compromise Accuray's ability to obtain funding from the Veterans Administration. *See id.* He subsequently filed a complaint with the EEOC alleging that he believed that the "termination of Mexican stockroom employees was in fact discriminatory," and that he had been retaliated against for complaining about their termination. McMahon Decl. Ex. J. On November 7, 2008, Plaintiff filed a second EEOC complaint. McMahon Decl. Ex. K. Plaintiff claimed that subsequent to his September 10, 2008 EEOC complaint, Accuray retaliated against Plaintiff by: (1) disciplining him; (2) subjecting him to different terms and conditions of employment; and (3) terminating him. *Id.* As to both EEOC complaints, the EEOC determined that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." McMahon Decl. Ex. A (Boyd Dep. Exs. 37, 39).

The third incident, underlying the SOX claim, was the "camera inventory incident." On September 19, 2008, Plaintiff made a complaint to the Securities and Exchange Commission ("SEC") that Accuray was "taking returned defective cameras, retesting them under a changed requirement from what they were shipped out on, and put back in stock as good cameras and reported as valid, usable inventory when it was not, when it . . . actually should have been scrap material." McMahon Decl. Ex. A (Boyd Dep. 22:5-9; 199:11-13; 206:2-8). Plaintiff testified that he did not inform Accuray's Human Resources Department about his complaint to the SEC. *Id.* Ex. A (Boyd Dep. 205:4-9). The only persons Plaintiff informed about his SEC complaint were

4

Case No.: 11-CV-01644-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

shipping/receiving department personnel who did not have supervisory authority over Plaintiff. *Id.* Ex. A (Boyd Dep. 205:11-20); *id.* Ex. M, at 3; *id.* Ex. C (McKinley Dep. 27-28), Ex. M; McMahon Decl. ¶14, Ex. M.

## II. DISCUSSION

Accuray seeks attorneys' fees (1) as the prevailing party under the FCA; (2) as the prevailing party under Title VII; (3) under 28 U.S.C. § 1927; and (4) under the Court's inherent power. In its motion, Accuray combines the discussion of § 1927 and the Court's inherent power. The Court finds that Accuray is not entitled to attorneys' fees under any of these theories.

### A. Entitlement to Fees Under the FCA

Accuray contends that it is entitled to attorneys' fees under the FCA. The FCA provides that "[i]f the Government does not proceed with the action [brought pursuant to the FCA] and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if (1) the defendant prevails in the action and (2) the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730.

An action is "clearly frivolous" when the argument is wholly without merit, or when the result is obvious. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2000). "An action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Id.* (citing *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988)). It is not enough that a plaintiff may have had some agenda beyond successful recovery; rather, the ulterior motive must be "paramount over asserting [the] non-frivolous claims." *U.S. ex rel. Haight v. Catholic Healthcare West*, CV-01-2253-PHX-FJM, at *2, 2008 WL 607150 (D. Ariz. Feb. 29, 2008). The Ninth Circuit has "stress[ed]" that "[t]he award of fees under the False Claims Act is reserved for rare and special circumstances." *Id.* at 1006-07.

Here, the Court concludes that Plaintiff's claim, though weak, was not so "clearly frivolous" nor "clearly vexatious" as to constitute a "rare and special circumstance" warranting the imposition of attorney's fees. *See* 31 U.S.C. § 3730; *see also Pfingston*, 284 F.3d at 1007. As an

5

initial matter, there is no evidence, and Accuray does not suggest, that this suit was brought primarily to harass. Rather, Accuray argues only that Plaintiff had no legitimate basis for bringing his claim.

The Ninth Circuit has explained that it is appropriate to deny attorneys' fees where there were "circumstances,…albeit somewhat tenuous" that might have justified a retaliation claim. *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003). Here, Accuray fixates on Plaintiff's admission in his deposition that he could not, at that time, explain how the events surrounding the Cyberknife upgrade incident resulted in the United States receiving less money from Accuray. Mot. at 5. But after the completion of discovery, Plaintiff did ultimately present a theory that Accuray was depriving the United States of revenue by committing customs fraud. Opp'n to Mot. for Summary Judgment at 5-8. As it turned out, "evidence to support such a theory failed to materialize," and this Court granted summary judgment in favor of Defendant. *Karam*, 352 F.3d at 1196. "But that did not render [the claim] groundless, without foundation or frivolous," so as to entitle Accuray to attorneys' fees. *Id*. "This extraordinarily high standard can be met only if an action is wholly lacking in both legal merit and evidentiary support." *United States v. Shasta Services Inc*., No. 2:04-CV-1955, 2006 WL 2585524 at *2 (E.D. Cal. Sept. 8, 2006). Plaintiff's claim, though weak and ultimately unsuccessful, was not wholly lacking in legal merit.

In conclusion, although Plaintiff's claims were insufficient to withstand summary judgment, they were not clearly frivolous or vexatious, nor were they brought primarily to harass Accuray. Accuray has not established that the weakness of Plaintiff's claim presented a "special circumstance." Accordingly, Accuray's motion for attorney's fees based on its status as the prevailing party under the FCA is DENIED.

### B. Entitlement to Fees Under Title VII

Accuray next argues that it is entitled to attorneys' fees as the prevailing party under Title VII. It argues that Plaintiff was provided with "overwhelming evidence" that Accuray had a legitimate non-discriminatory reason for its employment actions and that Plaintiff could present no facts showing that Accuray's reason might be pretext.

6

Case No.: 11-CV-01644-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Title VII retaliation claims follow a burden-shifting framework. First, a plaintiff is required to establish a prima facie case by showing that "he engaged in a protected activity, he was subsequently subjected to an adverse employment action, and that a causal link exists between the two." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011). "If the plaintiff establishes a prima facie case… the burden shifts to the defendant employer to offer evidence that the challenged action was taken for legitimate, non-discriminatory reasons." *Id.* If "the employer provides a legitimate explanation for the challenged decision, the plaintiff must show that the defendant's explanation is merely a pretext for impermissible discrimination." *Id.* At summary judgment, this Court found that Plaintiff had failed to present evidence of pretext. MSJ Order at 15-16.

The attorneys' fees provision of Title VII provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party… a reasonable attorney's fee (including expert fees) as part of the costs…." 42 U.S.C.A. § 2000e-5. A district court may award fees under § 2000e-5 "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (2007). However, "[b]ecause Congress intended to promote the vigorous enforcement of the provisions of Title VII, a district court must exercise caution in awarding fees to prevailing defendants in order to avoid discouraging legitimate suits that may not be 'airtight.'" *E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993). In fact, the Supreme Court has stated that "even when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christianburg*, 434 U.S. at 422. A Title VII attorneys' fees award should be made "only in exceptional circumstances," because "our laws encourage individuals to seek relief for violations of their civil rights." *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 968-69 (9th Cir. 2011) (citations omitted).

Plaintiff claimed that he engaged in activity protected under Title VII on September 25, 2007, when he complained about the plan to outsource stock room employees, and suffered an

adverse employment action when he received a negative performance review in December 2007, and was subsequently terminated. Accuray submitted evidence showing that Plaintiff was given negative performance reviews and was terminated due to poor performance, rather than in retaliation for his protected activity. This Court found that Accuray had demonstrated a legitimate non-discriminatory reason for terminating Plaintiff, and that Plaintiff had failed to raise a material factual dispute as to pretext. MSJ Order at 15, 17. But as with the FCA claim, the fact that Plaintiff "lost at summary judgment does not render his case per se frivolous, unreasonable, or without foundation." *Galen*, 477 F.3d at 667. A defendant's successful assertion of a non-pretextual, nondiscriminatory reason for termination does not render the plaintiff's claim frivolous. *See, e.g.*, *Thornton v. Consumer Affairs*, 232 F.3d 896 (9th Cir. 2000) (unpublished) (attorneys' fees unwarranted despite grant of summary judgment, given Congress's intention to reserve attorneys' fees for exceptional Title VII cases). Though Plaintiff ultimately failed to raise an issue of material fact as to whether Accuray's explanation was pretextual, Plaintiff's choice to bring the Title VII claim does not rise to the "exceptional circumstances" required to overcome the "strong public policy against awarding fees to the defendant in a Title VII case." *U.S. E.E.O.C. v. Robert L. Reeves & Associates*, 262 F. App'x 42, 44 (9th Cir. 2007). Accordingly, Accuray's motion for attorney's fees based on its status as a prevailing party under Title VII is DENIED.

### C. Entitlement to Fees Under 28 U.S.C. § 1927 and the Court's Inherent Power

Accuray lastly argues that it is entitled to sanctions in the form of fees directly from Plaintiff's attorney (rather than from Plaintiff himself) under 28 U.S.C § 1927 and the Court's inherent power, for the claims brought under OSHA, FLSA, and SOX. Accuray treats these two sources of authority to impose sanctions as though they were interchangeable. However, there are important differences.

Under § 1927, "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Because the section authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co., Sec.*

8

Case No.: 11-CV-01644-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

*Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). In other words, it does not apply to initial pleadings. *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir. 1986), abrogated on other grounds by *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990); *Matter of Yagman*, 796 F.2d 1165, 1187. Thus, to the extent that Accuray seeks to impose sanctions for the filing of certain claims to begin with, § 1927 cannot provide a basis. Further, in § 1927, "[t]he use of the word 'may'—rather than 'shall' or 'must'—confers substantial leeway on the district court when imposing sanctions. Thus, with § 1927 as with other sanctions provisions, '[d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate.'" *Haynes v. City & County of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012) (quoting *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir.1995)).

Aside from this statutory authority, a district court also has the inherent authority to impose sanctions for "bad faith, which includes a broad range of willful improper conduct," *Fink v. Gomez*, 239 F.3d 989, 994 (2001), such as acting "vexatiously, wantonly, or for oppressive reasons, delaying, disrupting litigation, or has taken actions in the litigation for an improper purpose." *Id.* at 922 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). This power "is both broader and narrower than other means of imposing sanctions. . . [in that it] extends to a full range of litigation abuses" but applies only to situations "in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991). Thus, to impose sanctions under the Court's inherent power, this Court would have to make a finding of bad faith.

### 1. Plaintiff's Claim Under OSHA

OSHA does not provide a private right of action. *See Taylor v. Brighton Corp.*, 616 F.2d 254, 264 (6th Cir. 1980). In spite of this fact, Plaintiff brought a claim under the whistleblower provision of OSHA, arguing that Accuray retaliated against him by terminating him. FAC ¶ 44, ECF No. 27. Accuray argues that it should be awarded sanctions because "[t]here is simply no good faith excuse for filing a cause of action against Accuray pursuant to OSHA, which specifically does not contain a private right of action." Mot. at 9-10.

As explained above, § 1927 sanctions are not available for the initial filing of a cause of action. Thus, if the Court were to impose sanctions for the filing of the OSHA claim, it would have to be under its inherent power, which would require a showing of bad faith. Accuray argues that Plaintiff's continued pursuit of discovery and failure to withdraw his claims as the case progressed evidenced bad faith. Mot. at 11. But Accuray has not explained how Plaintiff's counsel's zealous pursuit of a possible claim, even a mistaken one, demonstrates bad faith as opposed to simple error. Further, contrary to Accuray's suggestion, *see* Mot. at 11, when it became clear that the OSHA claim was hopeless, Plaintiff's counsel did eventually concede that he could not prevail, and ceased to pursue the claim at summary judgment. The Court finds that Plaintiff's counsel did not act in bad faith, and thus, there can be no sanctions imposed for filing the OSHA claim. Accordingly, Accuray's motion as concerns the OSHA claim is DENIED.

**2. Plaintiff's Claim Under FLSA**

Accuray also argues that it is entitled to sanctions because Plaintiff's FLSA claim was clearly barred by the statute of limitations, and was thus patently meritless. Plaintiff's First Amended Complaint alleges that "on or about February 14, 2006," Plaintiff complained about the misclassification of his position as exempt. FAC ¶ 15. Title 29 U.S.C. § 255(a) provides that any cause of action under the Fair Labor Standards Act "shall be barred forever unless commenced within two years after the cause of action accrued. 29 U.S.C. § 255(a) (West). If the violation was willful, the statute of limitations to bring a cause of action is three years. *Id.* "The limitations period for an action under the FLSA begins to run at the time the employer breaches his duties under the Act." *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000). Plaintiff claimed that the retaliation began in February 2006, but he did not file his complaint until April 5, 2011. Accuray argues that since even the statute of limitations for a willful violation had lapsed, Plaintiff's counsel should have known the claim was barred upon filing the initial complaint, and he should be sanctioned for bringing it.

As with the OSHA cause of action, Accuray is correct that it had a clear defense. But again, § 1927 cannot be used to punish Plaintiff's counsel for filing the claim, and there is no

evidence that Plaintiff brought this claim in bad faith so as to justify sanctions under this Court's inherent power. Thus, Plaintiff's counsel cannot be sanctioned for bringing the FLSA claim.

Accuray further argues that Plaintiff's counsel should be sanctioned for failing to withdraw the FLSA claim and abandon all related discovery after Plaintiff admitted in a deposition that he did not believe his termination was a result of the complaint he had filed. Mot. at 11. Accuray may be correct that withdrawing the claim would have been the most appropriate course of action, but as with the OSHA claim, Plaintiff ultimately declined to argue the FLSA claim in his summary judgment opposition rather than continuing to pursue a claim he knew he could not win. Failure to withdraw a nonmeritorious claim, without more, does not establish that counsel acted in bad faith, and thus cannot support a claim for sanctions under the Court's inherent power. To the extent that Accuray intends to suggest that §1927 can be used to sanction an attorney for failure to withdraw a claim, Accuray cites no authority establishing that such sanctions would be appropriate, and the Court is aware of none. Rather, § 1927 is aimed at "unnecessary filings and tactics." *Keegan*, 78 F.3d at 435. Accordingly, Accuray's motion for sanctions for the FLSA claim is denied.

### 3. Plaintiff's Claim under SOX

SOX grants whistleblower protection to employees of publicly traded companies by prohibiting employers from retaliating against employees for reporting certain potentially unlawful conduct. 18 U.S.C. § 1514A. To make a prima facie case, a plaintiff must show that: "(a) [t]he employee engaged in a protected activity or conduct; (b) [t]he named person [with supervisory authority over the employee] knew or suspected, actually or constructively, that the employee engaged in the protected activity; (c) [t]he employee suffered an unfavorable personnel action; and (d) [t]he circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the unfavorable action." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009) (citing 29 C.F.R. § 1980.104(b)(1)(i)-(iv)). In the MSJ Order, this Court found that Plaintiff's SOX claim failed because there was no reasonable inference that Plaintiff's protected activity was a contributing factor to his termination and no one with supervisory authority knew that Plaintiff had engaged in protected activity. MSJ Order at 19.

11
Case No.: 11-CV-01644-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Accuray argues that Plaintiff's lack of sufficient evidence on two elements of his SOX claim warrants sanctions under § 1927 and the Court's inherent power. Specifically, Accuray argues that the evidence Plaintiff cites in his opposition to the MSJ was "contrived." Mot. at 12. It is not clear whether Accuray is arguing that Plaintiff should be sanctioned for bringing the claim to begin with, or for opposing summary judgment. As regards the former, there can be no sanctions for the same reasons explained above. The only available source is the Court's inherent power, and there is simply no evidence that the claim was brought in bad faith.

As regards the opposition to summary judgment, Plaintiff made a reasonable attempt to argue that he had been retaliated against in violation of the statute. This Court found that there was protected activity, MSJ Order at 19, and Plaintiff did suffer an unfavorable personnel action. Though the evidence to which Plaintiff pointed in his opposition ultimately failed to establish the remaining elements required for recovery under SOX, there is no indication that the opposition was "unreasonable" or "vexatious," as required for § 1927 sanctions, or in bad faith, as required for inherent power sanctions. As with the FCA and Title VII claims, the grant of summary judgment establishes only that Plaintiff had not marshaled enough evidence to support his claim—not that the claim was so lacking in merit as to be frivolous. Accordingly, Accuray's request for sanctions for Plaintiff's SOX claim is denied.

### III. CONCLUSION

For the reasons explained above, Accuray's motion for attorney's fees is DENIED.

**IT IS SO ORDERED.**

Dated: October 17, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge